### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JASON MONTES, | ) | |
| ID # 35257-177, | ) | |
|        Movant, | ) | No. 3:14-CV-2198-N (BH) |
| vs. | ) | No. 3:06-CR-0328-N (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

### I.  BACKGROUND

Jason Montes ("Movant"), an inmate in the federal prison system, filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot."), and supporting memorandum, received on June 16, 2014.

On April 14, 2008, in Cause No. 3:06-CR-328-N, Movant and a co-defendant were found guilty by a jury of numerous counts of bank robbery, conspiracy to commit bank robbery, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1), and 2113(a), (b). He was sentenced to a total of 4705 months' imprisonment, followed by three years of supervised release. (*See* docs. 123, 159).[1] Movant appealed his conviction, and the Fifth Circuit Court of Appeals affirmed his convictions and sentence on March 26, 2010. *United States v. Montes*, No. 08-10932 (5th Cir. March 26, 2010). He did not file a petition for writ of

---

[1] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

certiorari with the United States Supreme Court.

## II.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   With regard to § 2255(f)(1), Movant's conviction became final on June 24, 2010, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  He does not allege that government action prevented him from filing a § 2255 motion earlier, and he does not base his claim on newly discovered facts.  Therefore, neither § 2255(f)(2) or (4) apply in this case.

Movant does assert that his § 2255 motion should be considered timely under § 2255(f)(3)

because it is based on the Supreme Court case, *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which was handed down by the Supreme Court on June 17, 2013. (Mot. at 5, 12, Mem. at 1-2, 8-12). In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt.  *Id.* at 2163. However, the Fifth Circuit has held that *Alleyne* did not announce a newly recognized right made retroactively applicable to cases on collateral review.  *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013).  Specifically, *Kemper* held that *Alleyne* is not retroactively applicable to cases on collateral review because *Alleyne* was itself a direct criminal appeal, and because the Supreme Court did not declare that *Alleyne* applies retroactively. *Id.*  Therefore, § 2255(f)(3) does not apply here.

Because June 24, 2010, the date that Movant's conviction was final, is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date.  Because he did not file his § 2255 motion until June of 2014, almost four years after this date, his motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that the petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

3

circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

### III. RECOMMENDATION

The Court should find that the motion to vacate, set aside, or correct sentence is barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 17th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE